REQUESTED BY: Senator John DeCamp Member of the Legislature State Capitol, Room 1116 Lincoln, Nebraska 68509
Dear Senator DeCamp:
You have requested an opinion from our office concerning the constitutionality of two proposed amendments to Neb.Rev.Stat. § 60-106(7), formerly LB 234 (1983). That section provides in part that:
 (7) An application for a certificate of title shall include a statement that an identification inspection has been conducted on the vehicle unless (a) the vehicle is a motorcycle as defined in section 60-301, (b) the surrendered ownership document is a Nebraska certificate of title, a manufacturer's statement of origin, or an importer's statement of origin, or (c) the application for a certificate of title contains a statement that such vehicle is to be registered under section 60-305.09.
You indicate in your letter that you intend to remove the exception for motorcycles contained in subparagraph (a), and have asked whether or not there is a constitutional infirmity in requiring these vehicles to be inspected as are other vehicles for which application is made for a certificate of title and for which the previous title is a foreign certificate of title. In our opinion the removal of this exception for motorcycles is constitutionally sound. The general rule of construction is that a statute must be general and uniform throughout the state, and it must operate alike on all persons of a class with reference to relations and circumstances provided for. State Securities Company v.Ley, 177 Neb. 251, 128 N.W.2d 766 (1964). The Nebraska Certificate of Title Act applies to motor vehicles, commercial trailers, semi trailers and cabin trailers required to be registered under the provisions of §§ 60-301 to 60-306, with certain exceptions. Neb.Rev.Stat. § 60-102 (Reissue 1978). Motorcycles are not specifically exempted, and are defined as `motor vehicles' in § 60-301(21). Therefore, it is clear that motorcycles are included within the class of those vehicles subject to the title act.
The general purpose of LB 234 of the 1983 Legislative Session was to eliminate or curtail the practice of title washing in the State of Nebraska, as well as to verify odometer mileage readings and the identity of stolen vehicles. Motorcycles are subject to the requirement of odometer certification; they are subject to title abuses; and they are frequently the subject of theft. Given the purpose of the legislation, and the requirement of uniformity, it would appear that these vehicles may constitutionally be required to be inspected pursuant to the proposed amendment.
Your second question involves the continued exception of vehicles registered pursuant to § 60-305.09 from the identification inspection required in § 60-106(7). We feel that this exception poses different questions, and that this classification does rest upon reasonable distinctions from other subjects of regulation. Section 60-305.09 provides for an alternative method of registration from the general registration provisions contained in § 60-301 to § 60-344. These vehicles are not registered individually at the county level, but rather an entire fleet of vehicles is registered centrally through the Department of Motor Vehicles. These vehicles are then considered to be validly registered for operation intrastate in Nebraska and interstate commerce in those jurisdictions which are members of the International Registration Plan.
The inspection required under § 60-106 includes the verification of the odometer reading on vehicles to be inspected. It should be noted that § 60-2301 regarding the requirement for odometer verification specifically exempts gross rated motor vehicles of more than 16,000 pounds. By definition in the International Registration Plan, apportionable vehicles are defined to mean power units having a gross vehicle weight in excess of 26,000 pounds, power units having three or more axles regardless of weight, or combinations of such vehicles in excess of 26,000 pounds gross vehicle weight. Consequently, the majority of vehicles registered under § 60-305.09 are already exempted from the odometer requirements contained in § 60-2301. The other requirement contained in § 60-106(7) is that the vehicle identification number be checked for entry in the National Crime Information Center and the Nebraska Crime Information Service to determine whether or not such vehicle has been reported as stolen. While it is certainly possible that apportioned vehicles may be stolen, it should be remembered that these vehicles are constantly required to produce registration credentials containing their vehicle identification numbers upon demand at the various weigh stations under the supervision of the Nebraska Department of Roads. Additionally, experience in the industry has been that very few power units are stolen. Rather, the bulk of theft has occurred in the cargo which is carried.
Therefore, it would appear that applications for titles to vehicles registered pursuant to § 60-305.09 can reasonably and rationally be treated differently than can other applications. Present statutes already exempt a large percentage of these vehicles from the odometer requirement. Further, the present statutes require frequent and constant verification of vehicle identification numbers at weigh stations by the Carrier Enforcement Division of the Department of Roads.
 Classification is proper if the special class has some reasonable distinction from other subjects of a like general character, which distinction bears some reasonable relation to the legitimate objectives and purposes of the legislation. The question is always whether the things or persons classified by the act form by themselves a proper and legitimate class with reference to the purpose of the act.
State ex rel. Douglas v. Marsh, Id., consequently, it is our opinion that vehicles registered pursuant to § 60-305.09 constitute a valid class of vehicles which can be exempted from the requirements contained in § 60-106(7).
Finally, we would agree with your concern that including apportionable vehicles in the inspection requirement could create an impermissible burden on interstate commerce. As indicated previously, these vehicles are registered as fleets. There is no requirement that individual vehicles be operated within the confines of the State of Nebraska. It is quite possible, if not probable, that an application could be made for a Nebraska certificate of title to a vehicle which is located in any one of the various International Registration Plan jurisdictions. Assuming that an owner desired a Nebraska title, he could not obtain such title without an inspection. In turn, he could not secure registration credentials for that vehicle. Consequently, it would be impossible for that vehicle to return to Nebraska to be inspected absent valid registration credentials. Therefore, given the potential burden on interstate commerce and the substantial differences in situation of these vehicles, it is our opinion that the exception proposed is constitutionally valid.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Ruth Anne E. Galter Assistant Attorney General